IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NIQUITA MORET** <br> *Plaintiff,* | § § § | |
| v. | § § § § | CIVIL ACTION NO.: __4:22-cv-101__ |
| **THE UNITED STATES OF AMERICA** <br> *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, NIQUITE MORET ("Plaintiff") hereby files her Original Complaint against THE UNITED STATES OF AMERICA, ("Defendant"), and for causes of action would respectfully show unto this Honorable Court and as follows:

### I.
### PARTIES

1  Plaintiff is a resident of Harris County, Texas, who may be contacted through her undersigned counsel.

2  Defendant, The United States of America, may be served with process by delivering the summons and complaint to the United States Attorney's Office for the Southern District of Texas through certified mail to the Attorney General of The United States of America located at 1000 Louisiana, Ste 2300, Houston, Texas 77002.

### II.
### MISNOMER/ALTER EGO

3.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils", should be pierced to hold such parties properly included in the interest of justice.

## III.
## JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court pursuant to 28 U.S.C.A. § 1346(b)(1), as a District Court has exclusive jurisdiction of civil actions on claims against United States for damages for personal injuries, loss of property, or death caused by the negligent or wrongful acts and/or omissions of any employee of the Government while acting within the scope of office or employment.

5. Jurisdiction is also proper pursuant to pursuant to 28 U.S.C.A. § 1402(b) as Plaintiff, Niquita Moret, resides in Harris County, Texas.

## IV.
## CONDITIONS PRECEDENT

3. All conditions precedent to all causes of action have been performed or have occurred.

4. Plaintiff timely presented this claim in writing to Defendant. This suit is filed after six months of filing Plaintiff's administrative claim. Plaintiff submitted the claim to Defendant for resolution to which Plaintiff received no response.

## V.
## FACTS

5. On or about August 18, 2019, Plaintiff, Niquita Moret (SSN: XXX-XX-X726), was at a light on Belfort St. in Harris County, Texas, behind Leonel Rubio, Jr. (CDL #XXXXX141), who was driving a United States Postal Service vehicle. Mr. Rubio, Jr. suddenly and without warning reversed his vehicle and hit the front of Plaintiff's vehicle causing her damage to her property and personal injury.

6. At all times relevant, Mr. Rubio, Jr. was an employee of the United States of America and worked for the United States Postal Service. On August 18, 2019, Mr. Rubio, Jr. was driving in the course and scope of his employment with the United States of America when the US Postal

Service vehicle collided with Plaintiff's vehicle.

7. The negligent hiring and supervision by Defendant the United States of America was a proximate cause of the wreck, Plaintiff's property damage and injuries sustained.

## VI.
## FEDERAL TORT CLAIMS ACT

8. At all times relevant, its employee, Mr. Leonel Rubio, Jr, owed a certain civil duties to Plaintiff. Mr. Rubio, Jr. was acting in his course and scope of employment with United States Postal Service. Defendant the United States of America breached said duties, as indicated herein, Under the applicable state law, as a private person would be liable to Plaintiff Moret for these acts and/or omissions.

## VII.
## VICARIOUS LIABILITY

9. Pursuant to 28 U.S. Code **§** 2674 the United States of America is vicariously liable for the acts and/or omissions of Mr. Leonel Rubio, Jr. under the theory of Respondeat Superior as Mr. Rubio, Jr. was acting in the course and scope of his employment with The United States of America at the time of the wreck. Therefor Mr. Rubio, Jr. will be directly referenced herein as the United States of America.

## VIII.
## CAUSES OF ACTION

**Negligence and *Negligence Pro Se* of the United States of America**

10. Defendant the United States of America is negligent and *negligent per se* for the following reasons:

    a. failing to keep a proper lookout;

    b. failing to adequately and timely apply his brakes;

    c. failing to take evasive action to avoid the collision (TEX. TRANSP.

    CODE § 545.351(b)(2));

  d.  driving while distracted;

  e.  operating the vehicle in willful or wanton disregard for safety of persons (TEX. TRANSP. CODE § 545.401);

  f.  violating the terms of the Texas Transportation Code; and

  g.  other acts deemed negligent.

11. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence and negligence pro se which proximately caused the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

### Negligent Entrustment by Defendant

12. Defendant the United States of America was the owner of the motor vehicle that caused the incident that made the basis of this lawsuit and permitted a reckless driver, to operate the motor vehicle. Defendant the United States of America knew or should have known that Mr. Rubio, Jr. was unlicensed, incompetent and/or reckless. On the date at issue, Defendant the United States of America was negligent and proximately caused the incident that made the basis of this lawsuit and Plaintiff's injuries. As a result of Defendant's negligent entrustment of the motor vehicle to Mr. Rubio, Jr., Plaintiff suffered serious bodily injuries.

### Negligent Hiring, Supervision, Training, and Retention by Defendant the United States of America

13. Defendant the United States of America negligently hired, supervised, and/or retained Mr. Rubio, Jr..  As an employer, Defendant the United States of America owed a duty to Plaintiff and the general public, to properly and reasonably hire, supervise, train, and retain competent, professional commercial truck drivers in furtherance of Defendant's business.  Defendant the United States of America owed said duties to properly and reasonably hire, supervise, train, and

retain employees to ensure the public would be safe while Defendant engaged in duties on behalf of its business. Defendant the United States of America breached said duties, as indicated in paragraph 10 herein, and negligently permitted and/or encouraged Mr. Rubio, Jr. to negligently perform his duties.

14. Defendant the Untied States of America breach of said duties were, singularly or in combination with others, the proximate cause of the incident at issue and Intervenor Plaintiff's damages pled herein.

## IX.
## DAMAGES

15. As a direct and proximate result of the incident in question, Plaintiff has sustained severe bodily injuries, and incurred the following damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of her injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary of such services in the county in which they were incurred;

    b.    Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred by Plaintiff in the future;

    c.    Physical pain and mental anguish in the past;

    d.    Physical pain and mental anguish in the future;

    e.    Physical disability and impairment in the past;

    f.    Physical disability and impairment, which, in all reasonable probability, will be suffered in the future;

    g.    Disfigurement in the past;

      h.      Disfigurement that, in reasonable probability, will occur in the future; and

      i.      Lost earnings

16.    For these and other reasons at law that allow for the recovery of compensatory damages, Plaintiff requests an award of actual damages from Defendant, in a sum within the jurisdictional limits of the Court. Plaintiff also seeks an award for post judgment interest, and court cost.

## X.
## JURY DEMAND

17.    Plaintiff demands a trial by jury and tenders the appropriate fee with this Original Complaint.

## XI.
## PRAYER

    Plaintiff requests that Defendant be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiff have judgment against Defendant the United States of America for actual damages in an amount the Court deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgement interest, post-judgement interest, costs of court, and for such other and further relief to which Plaintiff may be justly entitled.

                        Respectfully submitted,

                        [signature on following page]

**Paranjpe Mahadass Ruemke, LLP**

_____
Jacqueline A. Stump
Texas State Bar: 24110954
Tej Paranjpe
State Bar Number: 24071829
3701 Kirby, Suite 530
Houston, Texas 77098
JStump@pmrlaw.com
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

For e-service only:
Service@pmrlaw.com
*Counsel for Plaintiff*